UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE MICHIGAN
REGIONAL COUNCIL OF CARPENTERS          Case No. 05-74577
EMPLOYEE BENEFIT FUND, et al.,

       Plaintiffs,                                   Honorable Nancy G. Edmunds

v.

MOTOR CITY INTERIORS, INC and
RICHARD M. SCHNEIDER,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [33]**

Pending before this Court is Plaintiffs' Motion for Summary Judgment, filed on

December 1, 2006.  Plaintiffs are a group of seven employee benefit funds and one

union that serve individuals engaged in the carpentry trade.  Plaintiffs brought suit

against Defendant Motor City Interiors, Inc. ("Motor City" or the "Corporate Defendant")

and Defendant Richard M. Schneider to recover allegedly unpaid fringe benefits and

other damages pursuant to the Employee Retirement Income Security Act ("ERISA"), 29

U.S.C. § 1132(g)(2), and the Michigan Builders' Trust Fund Act ("MBTFA"), Mich.

Comp. Laws § 570.151.

On January 11, 2007, this Court granted a Consent Judgment against the

Corporate Defendant for $82,858.23 in unpaid benefits, interest and liquidated

damages, $16,567.50 in attorney fees and costs, and post-judgment interest at the rate

1

of 12%. (Docket No. 37.)  Thus, while Plaintiffs' motion for summary judgment

addresses both defendants, only Defendant Schneider's liability is disputed at this time.

Plaintiffs assert that he is individually liable on two grounds: (1) as a result of his

position as a fiduciary pursuant to ERISA, 29 U.S.C. § 1109(a), and (2) the MBTFA,

Mich. Comp. Laws § 570.151.[1]  Defendant Schneider disputes that he is personally

liable under either statute for his actions here.

For the reasons set forth below, the Court GRANTS Plaintiffs' motion for summary

judgment against Defendant Schneider as to liability, DENIES Plaintiffs' motion against

Defendant Schneider as to the amount of his liability, and DENIES Plaintiffs' motion

against the Corporate Defendant at moot.

## I.  FACTS

Plaintiffs are a number of employee benefit trust funds and a carpenters' union

that entered into a Collective Bargaining Agreement ("CBA")  with the Corporate

Defendant, obligating Motor City to, among other things, make certain fringe benefit

payments to Plaintiffs on behalf of its employees.  Defendant Schneider signed the CBA

on behalf of Motor City in his capacity as the company's president.[2]  On November 13,

---

[1]In Defendants' response to Plaintiffs' motion for summary judgment, Defendants assert that this "state law claim [under the MBTFA] is best left for state court."  (Defs.' Resp. ¶ 7.)  This argument disregards the fact that once a federal court exercises supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367, there is no basis for remanding state law claims to state court, absent a dismissal of all the related federal claims.  As Plaintiffs maintain a viable federal law claim under ERISA against both defendants in this case, this Court will continue to hear the MBTFA claim.

[2]Plaintiffs do not dispute Defendant Schneider's assertion that he only signed the CBA in his official capacity as president of Motor City, so any individual liability must be predicated upon some other statutory ground.

2006, Plaintiffs conducted two separate audits of Motor City's books for the period of April 2004 through June 2006,[3] and discovered a total amount of $82,858.23 owing for unpaid benefits, interest, and liquidated damages pursuant to 29 U.S.C. §§ 1132(g)(2)(A)-(C).  Plaintiffs also claimed an additional $16,567.50 in reasonable attorney fees under 29 U.S.C. § 1132(g)(2)(D).

As noted above, this Court entered a Consent Judgment against the Corporate Defendant for the full amount of Plaintiffs' damages on January 11, 2007.  Thus, Motor City is no longer an active party to the instant motion.

Plaintiffs assert that Defendant Schneider exercised the requisite degree of control over Motor City's finances to subject him to individual liability as a fiduciary under ERISA.  Plaintiffs further argue that during the period when fringe benefits were not paid, Motor City received funds which were used for other purposes besides paying the fringe benefits due and owing to Plaintiffs.  If true, this would make Defendant Schneider personally liable under the MBTFA as well.

## II.  STANDARD OF REVIEW - MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Rule 56(c) mandates summary judgment against a party who fails to establish

---

[3]One was for the company's commercial carpenters, the other was for its residential carpenters.

the existence of an element essential to the party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice.  Rather, there must be evidence on which the jury could reasonably find for the non-moving party.  *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III.  ANALYSIS

Plaintiffs first seek summary judgment against Defendant Schneider individually due to his status as a fiduciary under 29 U.S.C. § 1109(a), which imposes personal liability on individuals who breach a fiduciary duty to a plan that is entitled to ERISA benefit payments.[4]  "[A] person is a fiduciary with respect to a plan to the extent (i) he

---

[4] "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including

exercises any discretionary authority or discretionary control respecting management of

such plan or exercises any authority or control respecting management or disposition of

its assets . . . ."  29 U.S.C. § 1009(21)(A)(i).  Numerous cases from this Court and other

federal districts confirm that an individual defendant violates this section by paying other

creditors instead of making benefit fund payments, because benefit payments become

fund property once they are due and owing.  *See Trustees of the Michigan Regional*

*Council of Carpenters Employee Benefits Fund, et al. v. Accura Concrete Walls, Inc.*,

408 F. Supp. 2d 370, 373-74 (E.D. Mich. 2005) (Cohn, J.); *Operating Engineers' Local*

*324 Fringe Benefit Funds v. Nicolas Equipment, LLC*, 353 F. Supp. 2d 851, 853-55

(E.D. Mich. 2004) (Edmunds, J.); and *Iron Workers' Local No. 25 Pension Fund v.*

*McGuire Steel Erection, Inc.*, 352 F. Supp. 2d 794, 803-07 (E.D. Mich. 2004) (Zatkoff,

C.J.).

In Defendant Schneider's deposition, he admitted that he took personal draws as a

company officer during the relevant time when Plaintiffs were owed fringe benefit

payments:

> Q: As president, how do you compensate yourself?  Let me be more
> specific.  Do you pay yourself a salary?
>
> A: No.
>
> Q: Do you take disbursements on any periodic basis?
>
> A: As needed.
>
> Q: That's fair enough.  Would you have taken any disbursements when
> money came in for the jobs that you did in the period of April of 2004
> through June of 2006?

---

removal of such fiduciary."  29 U.S.C. § 1109(a).

A: Yes.

(*Id.* at 19.)   These admissions constitute an ERISA violation because incoming funds

were used for some other purpose than to pay fringe benefits owing to Plaintiffs.

Defendant Schneider's deposition testimony also demonstrates that he was able

to exercise discretion and control over the monies owed to Plaintiffs by being able to

take officer draws when necessary.  This conclusion is inescapable following Defendant

Schneider's testimony that he is Motor City's sole corporate officer and owner and is

responsible for all record-keeping, corporate operations, accounting records,

bookkeeping, payroll preparation, and administers Motor City's fringe benefits program.[5]

(*Id.* at 5, 6, 8 and 11.)  Therefore, Plaintiffs have established that Defendant Schneider

was a fiduciary under ERISA, and he breached a fiduciary duty by taking draws while

fringe benefits payments to Plaintiffs were in arrears.

This Court does not, however, grant summary judgment on the issue of the

amount of damages Schneider is liable for as a result of his breach.  Plaintiffs have not

proven that there is no dispute of material fact on this issue since they have not

presented any evidence of the amounts that Defendant Schneider paid to other

creditors instead of Plaintiffs.  Without evidence relevant this point, Plaintiffs are not

entitled to summary judgment on the amount of Defendant Schneider's liabiliy under

_____

[5]Defendant Schneider asserts, however, that a joint check agreement exists
between Plaintiffs and Malino Construction that will result in the unpaid fringe benefits
being paid directly to Plaintiffs once Malino pays Defendants for the job on which fringe
benefits remain outstanding.  (Defs' Resp. ¶ 8.)  Defendant Schneider claims that this
agreement shows he is unable to exercise the requisite degree of control over Motor
City's assets.  Even if this could overcome the other evidence of Defendant Schneider's
fiscal control mentioned above, he has failed to produce a copy of the alleged
agreement, so this claim does not deserve further consideration.

ERISA.[6]

## IV. CONCLUSION

Being fully advised in the premises, having read the pleadings, and for the reasons

set forth above, the Court hereby orders as follows: Plaintiffs' motion for summary

judgment is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED as

to Defendant Schneider's individual liability to Plaintiffs under ERISA but DENIED as to

the amount in which Defendant Schneider is liable to Plaintiffs.  Finally, the motion is

DENIED as moot as to the Corporate Defendant.


                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated:  February 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of
record on February 26, 2007, by electronic and/or ordinary mail.

                                      s/Carol A. Hemeyer
                                      Case Manager

---

[6]Since Defendant Schneider is individually liable under ERISA, it is not necessary
to consider Plaintiffs' additional claim that he is personally liable under the MBTFA.